COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS




ROBERTO LOPEZ,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-05-00032-CR

Appeal from the

346th District Court
of El Paso County, Texas 

(TC# 20040D00749) 





O P I N I O NAppellant Roberto Lopez appeals from his conviction for the offenses of robbery and
possession of a controlled substance. In three issues, Appellant argues that: (1) he did not
knowingly and intelligently waive his right to counsel; (2) the trial court violated his right to self-representation by appointing standby counsel; and (3) the trial court erred in failing to charge the jury
on the lesser-included offense of theft. We affirm.
FACTUAL BACKGROUND
            On January 3, 2004, Appellant was at the J.C. Penney store located in the Cielo Vista Mall
in El Paso, Texas. A loss-prevention officer for J.C. Penney, Luis Alonzo Carreno, Jr. (“Carreno”),
observed Appellant remove four pairs of jeans from a rack and place them in his backpack. Carreno
radioed his partner, George Jimenez (“Jimenez”), who was working in the video surveillance room,
for assistance. Carreno then followed Appellant as he exited the store without having paid for the
merchandise.
            Outside of the store, Carreno approached Appellant and identified himself as a loss-prevention officer for J.C. Penney. When Carreno identified himself, Appellant attempted to flee,
and Carreno gave chase. After approximately 60 to 70 yards, Carreno caught Appellant by the waist,
but was unable to handcuff him. Carreno held Appellant until Jimenez could arrive to assist him. 
According to Jimenez, Appellant punched him in the face as he approached to assist Carreno. 
Carreno testified that he saw Appellant “strike” Jimenez in the face with a closed fist as Jimenez
approached. Carreno and Jimenez were able to wrestle Appellant to the ground. At some point,
Appellant received an injury to his face.



            After approximately two minutes of struggling with Appellant, Carreno and Jimenez were
able to handcuff him. Appellant was then escorted to the J.C. Penney security office so the police
could be summoned. Carreno testified that, as a safety precaution, based on Appellant’s hostile
demeanor, Jimenez conducted a pat-down of Appellant for weapons. During the pat-down, Jimenez
discovered a burned bottle cap and a bag containing a “white powdery substance” in Appellant’s
pocket. The substance later tested positive as cocaine. Approximately ten to fifteen minutes after
Appellant was taken to the J.C. Penney security office, El Paso Police Officer Frank Gonzalez
arrived on the scene, and Appellant was taken into custody.
            Appellant was charged by indictment with robbery and possession of less than one gram of
cocaine with each alleging prior felony convictions for enhancement/habitualization purposes. 
Appellant pled not guilty and Gerald Georges (“Georges”) from the El Paso County Public
Defender’s Office was appointed to represent him. Prior to trial, Appellant requested to proceed pro
se, if the trial court refused to appoint different counsel. The trial court granted Appellant’s request
to proceed pro se, but appointed Georges as standby counsel.
            After a trial on the merits, a jury found Appellant guilty on both counts as alleged in the
indictment. After hearing the evidence presented during the punishment phase, the jury found the
enhancement/habitualization paragraphs to be true and assessed punishment at thirty-two years’
confinement for robbery and four years’ confinement and a $10,000 fine for possession of cocaine. 
Appellant filed his notice of appeal, and the trial court certified his right of appeal.
DISCUSSION
            In Issue One, Appellant contends that the waiver of his right to counsel was not knowingly
and intelligently made. Specifically, Appellant claims that the trial court failed to admonish him on
the dangers and disadvantages of self-representation before allowing him to proceed pro se at trial.
In addition, Appellant argues the trial court failed to secure a written waiver of the right to counsel
as required by the Texas Code of Criminal Procedure.
            The Sixth and Fourteenth Amendments to the United States Constitution guarantee that a
person brought to trial in a criminal proceeding in any state or federal court shall be afforded the
right to assistance of counsel. Faretta v. California, 422 U.S. 806, 807 (1975); see also Tex. Code
Crim. Proc. Ann. art. 1.051(f) (Vernon 2005). On the other hand, a defendant may waive the right
to counsel in favor of self-representation. Faretta, 422 U.S. at 834. A defendant’s waiver of counsel
must be made competently, knowingly and intelligently, and voluntarily. Id. at 835. To competently
and intelligently invoke the right to self-representation, a defendant “should be made aware of the
dangers and disadvantages of self-representation, so that the record will establish that ‘he knows
what he is doing and his choice is made with eyes open.’” Scarbrough v. State, 777 S.W.2d 83, 92
(Tex. Crim. App. 1989) (citing Faretta, 422 U.S. at 835).
            In most cases, the record must be sufficient for the reviewing court to make an assessment
that a defendant knowingly exercised his right to defend himself and should reflect that a defendant
was made aware of the practical disadvantages of representing himself (e.g., that there are technical
rules of evidence and procedure and that he will not be granted any special consideration as a pro
se defendant). Johnson v. State, 760 S.W.2d 277, 279 (Tex. Crim. App. 1988). However, when a
defendant is appointed, and has access to, standby counsel, the Faretta admonitions are not required. 
Walker v. State, 962 S.W.2d 124, 126-27 (Tex. App.--Houston [1st Dist.] 1997, pet. ref’d). In this
case, the trial court did not admonish Appellant as to the dangers and disadvantages of self-representation, but it did appoint standby counsel to aid Appellant in presenting his defense. 
Accordingly, the trial court did not err in failing to admonish Appellant in accordance with Faretta. 
See Walker, 962 S.W.2d at 126-27.
            Articles 1.051(f) and (g) of the Code of Criminal Procedure provide a procedure by which
a defendant may reduce to writing his informed decision to waive his right to counsel. See Tex.
Code Crim. Proc. Ann. arts. 1.051(f) and (g). However, the Court of Criminal Appeals has
construed these articles as being permissive, not mandatory. See Burgess v. State, 816 S.W.2d 424,
431 (Tex. Crim. App. 1991). Since the trial court was not required to obtain Appellant’s written
agreement memorializing his waiver, Issue One is overruled.
            In Issue Two, Appellant contends the trial court denied his right to self-representation by
appointing Georges as standby counsel. We again disagree. Implied in the right to counsel, and in
other protections of the Sixth Amendment, is a right to self-representation. Faretta, 422 U.S. at 819. 
However, appointment of standby counsel, even over objection, does not constitute a per se violation
of that right. McKaskle v. Wiggins, 465 U.S. 168, 184 (1984). Appointment of standby counsel
relieves the court of the need to explain and enforce basic rules of courtroom protocol or to assist
the defendant in overcoming routine obstacles that stand in the way of the defendant’s achievement
of his own clearly-indicated goals. Id.
            Therefore, as long as the appointment of standby counsel to assist the defendant does not
interfere with the defendant’s actual control over his own defense or undermine his appearance
before the jury in the status of a pro se defendant, participation of standby counsel does not infringe
upon the right to self-representation. Scarbrough, 777 S.W.2d at 92 (citing McKaskle, 465 U.S. at
185). Here, the record demonstrates that Appellant was not deprived of his right to
self-representation. On the contrary, it clearly demonstrates that Appellant controlled the
organization and content of his defense, made motions, argued points of law, participated in voir
dire, questioned witnesses, and addressed the court and jury at appropriate times throughout the
course of the proceedings. See McKaskle, 465 U.S. at 174.
            Once the venire panel was seated, the trial court explained that Appellant had chosen to
proceed pro se and that Georges was only appointed to assist him at trial. Appellant alone addressed
the entire venire panel and explained to the prospective jurors why he had chosen to represent
himself. During voir dire, Appellant and Georges both participated in the voir dire process by
questioning prospective jurors, and Appellant submitted a signed jury list to the trial court exercising
his peremptory strikes.
            On the day of trial, Appellant and Georges both announced ready, and a trial on the merits
commenced. Appellant alone gave his opening statement and admitted he had stolen pants, but
argued that he was assaulted by the J.C. Penney security officers. According to Appellant, the
security officers manufactured the robbery and cocaine charges to cover up the alleged assault. 
During the State’s case-in-chief, Appellant alone conducted the cross-examination of the State’s
witnesses. Georges’s participation was limited to instructing Appellant on how to offer his
photographs into evidence.
            After the State rested, Georges informed the court that Appellant wished to present evidence
of the scar he received as a result of the incident. During his case-in-chief, Appellant presented
Officer Gonzalez as his sole witness. Appellant also admitted his booking photograph and displayed
his face to the jury. Appellant then rested. After the jury was excused, Georges informed the court
that he had advised Appellant not to close the evidence and rest before calling certain witnesses to
testify, but that Appellant had chosen to disregard his advice. Georges then requested the submission
of a lesser-included offense of theft, but the trial court denied his request. Appellant then presented
his closing argument to the jury.
            During the punishment phase, Appellant entered pleas of true to the enhancement/
habitualization paragraphs. The State gave its opening statement but Appellant declined the
opportunity to do so. Instead, Appellant consented to Georges making an opening statement on his
behalf. When the State offered Appellant’s prior convictions and pen packets into evidence,
Appellant indicated that he had no objection. After the State rested, Appellant rested without
presenting any evidence. During Appellant’s closing remarks, he presented argument to the jury
concerning his prior convictions.
            In this case, Appellant conducted voir dire, cross-examined the State’s witnesses, and
maintained control over the presentation of his defense, including which witnesses to call and what
evidence to present to the jury. Appellant alone made the determination to close the evidence and
rest his case, despite advice to the contrary from Georges. During the punishment phase, Appellant
consented to Georges’s making an opening statement on his behalf, but he presented argument to
the jury on his prior convictions. In addition, Appellant freely accepted Georges’s assistance during
both phases of the trial without objection. We find that, in light of the circumstances of this case,
appointment and participation of Georges did not interfere with Appellant’s actual control over his
defense nor undermine his appearance before the jury as a pro se defendant. See Scarbrough, 777
S.W.2d at 92. Accordingly, we find no denial of Appellant’s Sixth Amendment rights. Issue Two
is overruled.
            In Issue Three, Appellant argues the trial court erred by failing to include the lesser-included
offense of theft in its charge to the jury. We disagree. In order to determine whether the trial court
erred in refusing Appellant’s requested instruction on theft, we apply a two-prong test. Guzman v.
State, 188 S.W.3d 185, 188 (Tex. Crim. App. 2006); Heiringhoff v. State, 130 S.W.3d 117, 125
(Tex. App.--El Paso 2003, pet. ref’d). The first prong requires us to determine whether the offense
in question is a lesser-included offense of the charged offense. Guzman, 188 S.W.3d at 188;
Heiringhoff, 130 S.W.3d at 125-26. The second prong requires us to determine if there was some
evidence presented that would permit a rational jury to find that the defendant is not guilty of the
greater offense, but is guilty only of the lesser-included offense. Guzman, 188 S.W.3d at 188;
Heiringhoff, 130 S.W.3d at 126.
            Assuming, arguendo, that theft is a lesser-included offense of robbery as charged in
Appellant’s case, we turn to the second prong of our analysis to determine whether there is any
evidence which would permit a rational jury to find Appellant guilty of only the lesser offense. Hall
v. State, 158 S.W.3d 470, 473 (Tex. Crim. App. 2005). This requires that there be some evidence
from which a rational jury could acquit Appellant of the greater offense, while convicting him only
of the lesser offense. Id.; Salinas v. State, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005) (citing
Feldman v. State, 71 S.W.3d 738, 750 (Tex. Crim. App. 2002)); Licon v. State, 99 S.W.3d 918, 927
(Tex. App.--El Paso 2003, no pet.).
            In determining whether any evidence exists in the record which would permit a rational jury
to find the defendant guilty of only the lesser-included offense, anything more than a scintilla of
evidence is sufficient to entitle a defendant to a lesser-included offense charge. Forest v. State, 989
S.W.2d 365, 367 (Tex. Crim. App. 1999); Licon, 99 S.W.3d at 927. We review all evidence
introduced at trial in order to determine whether the trial court erred in failing to instruct the jury on
a lesser-included offense. Enriquez v. State, 21 S.W.3d 277, 278 (Tex. Crim. App. 2000). Because
the question is one of whether the evidence merely raises the issue, we do not consider credibility
determinations or conflicts in the evidence as factors in our determination. Hall, 158 S.W.3d at 473;
Licon, 99 S.W.3d at 927.
            Regardless of its strength or weakness, if any evidence raises the issue that the defendant was
guilty only of the lesser offense, then the charge must be given. Saunders v. State, 840 S.W.2d 390,
391 (Tex. Crim. App. 1992). However, it is not enough that the evidence supporting the greater
charge is weak, the evidence supporting the greater charge is discredited or weakened during cross-examination, or the jury disbelieves crucial evidence pertaining to the greater offense. See Bignall
v. State, 887 S.W.2d 21, 24 (Tex. Crim. App. 1994). There must be some evidence “directly
germane to a lesser included offense for the factfinder to consider before an instruction on a lesser
included offense is warranted.” Id. In other words, there must be evidence which affirmatively
rebuts or negates an element of the greater offense or, if the evidence is subject to different
interpretations, one of which rebuts or negates the crucial element. Licon, 99 S.W.3d at 927 (citing
Ramirez, 976 S.W.2d at 227).
            In his brief, Appellant directs our attention to the following as evidence as affirmatively
rebutting or negating the greater offense in this case:
1) All the State’s witnesses presented were loss prevention officers for J.C. Penney[;]
 
2) Appellant did not assault Carreno, although Carreno was the first officer to
apprehend Appellant[;]
 
3) The value of the property stolen was $184[;]
 
4) No visible injuries were present on Jimenez’ face[;]
 
5) Officer Gonzales [sic], who was the first police officer at the scene, did not notice
any injuries on Jimenez[;]
 
6) Appellant was the only one that presented injuries, and he presented material
evidence (photographs) regarding his injuries.
            During his case-in-chief, Appellant called only one witness, Officer Gonzalez.


 Appellant
did not testify in his own defense. Other than showing the jury a scar on his forehead and a
photograph of his injury, Appellant presented no additional evidence. While the evidence to which
Appellant directs our attention might have the tendency to weaken the testimony concerning the
assault, it does not affirmatively negate or rebut that evidence. The only evidence Appellant relies
on which, at first glance, appears to support his argument is: (1) Officer Gonzalez’s testimony
indicating he did not notice any injury to Jimenez; and (2) the lack of any visible injury to Jimenez’s
face.
            During the State’s case-in-chief, Officer Gonzalez testified about the incident. On cross-examination, Officer Gonzalez stated he “could not recall” seeing a mark on Jimenez’s face and
could not remember, “[o]ff the top of [his] head,” seeing any swelling of Jimenez’s face when he
arrived at the scene. Appellant maintains this testimony entitled him to an instruction on the lesser-included offense of theft. However, one witness’s failure to observe an injury does not, in and of
itself, rebut or negate the fact that an injury occurred. See Arzaga v. State, 86 S.W.3d 767, 780 (Tex.
App.--El Paso 2002, no pet.). We point out that one aspect of a witness’s testimony “cannot be
plucked out of the record and examined in a vacuum;” rather, we must examine the statement
together with all the other evidence. Rodriguez v. State, 90 S.W.3d 340 (Tex. App.--El Paso 2001,
pet. ref’d) (citing Godsey v. State, 719 S.W.2d 578, 584 (Tex. Crim. App. 1986)). As for
Appellant’s assertion there were no visible injuries to Jimenez’s face, the store manager for J.C.
Penney testified that he observed Jimenez’s lip and part of his cheek swelling as a result of the
alleged assault.
            After reviewing the record, we conclude the evidence which was presented at trial showed
that Appellant committed theft and that, in the course of his attempt to escape capture, he assaulted
a J.C. Penney security officer by punching him in the face. The testimony of both Carreno and
Jimenez was clear and direct, and each steadfastly maintained that Appellant assaulted Jimenez. 
Further, the assault apparently resulted in some degree of visible injury to Jimenez’s face.
            Conversely, Appellant did not present any independent evidence regarding the offense.


 Cf.
Jones v. State, 984 S.W.2d 254, 257-58 (Tex. Crim. App. 1998) (defendant’s testimony that he did
not commit assault would require instruction on lesser-included offense of misdemeanor theft).
            Because no affirmative evidence exists in the record showing Appellant merely committed
theft without committing an assault, we find the evidence failed to raise the possibility that, if
Appellant was guilty at all, he was guilty only of theft. Accordingly, we conclude the trial court did
not err in denying Appellant’s request for a lesser-included offense charge on theft. Issue Three is
overruled.
            We affirm the trial court’s judgment.
 
                                                                        KENNETH R. CARR, Justice

January 31, 2007

Before Chew, C.J., McClure, and Carr, JJ.

(Do Not Publish)