**Jimmy WALKER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–96–00406–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 4, 1997.

Robert Morrow, Spring, for Appellant.

John B. Holmes, William Delmore, III, Houston, for Appellee.

Before SCHNEIDER, C.J., and ANDELL and TAFT, JJ.

## OPINION

TAFT, Justice.

A jury found appellant, Jimmy Walker, guilty of murder and assessed punishment at life in prison plus a $10,000 fine. We consider: (1) whether a defendant representing himself with standby counsel must be admonished as to the dangers and disadvantages of self-representation; and (2) whether the trial court improperly denied appellant's request to withdraw his waiver of counsel. We reverse for a new punishment hearing.

### Factual And Procedural Background

At the beginning of trial, the visiting judge appointed standby counsel for appellant, who had been determined to be indigent. On several occasions during the trial, the trial court mentioned that he and the elected judge, who conducted several pretrial hearings in this case, both had admonished appellant as to the dangers of self-representation. However, those admonishments do not appear in the record on appeal. Appellant did not utilize standby counsel during the guilt-innocence phase of trial. Prior to the punishment phase, appellant made a request to withdraw his "pro se plea," to remove himself from the punishment proceedings, and to allow standby counsel to proceed with the punishment evidence. The trial court denied this request.

### Necessity of Admonishments

In his first point of error, appellant claims that the trial court erred by failing to ensure that proper warnings from the court concerning the disadvantages of self-representation appeared in the record.

■■■ In all criminal prosecutions, the accused has a right to assistance of counsel for his defense. U.S. CONST. amend. VI. However, a defendant who chooses to represent himself and waive this right to counsel may do so. *Faretta v. California*, 422 U.S. 806, 819, 95 S.Ct. 2525, 2533, 45 L.Ed.2d 562 (1975). In Texas, this right is also protected by statute. TEX.CODE CRIM. P. ANN. art. 1.051(f) (Vernon Supp.1998).

■■■ To choose self-representation competently and intelligently, the defendant should be made aware of the dangers and disadvantages of self-representation so that the record will establish that the defendant "knows what he is doing and his choice is made with his eyes open." *Faretta*, 422 U.S. at 835, 95 S.Ct. at 2541; *Goffney v. State*, 843 S.W.2d 583, 584 (Tex.Crim.App.1992). The record must contain proper admonishments concerning self-representation and necessary inquiries of the defendant, so that the trial court may make an assessment of his knowing exercise of the right to defend himself. *Goffney*, 843 S.W.2d at 585. Appellant claims that, because no evidence of the *Faretta* admonishments appears in the record, the trial court did not meet its burden of demonstrating that appellant's waiver of counsel was knowing and intelligent. *See id.* However, unlike *Faretta* and *Goffney*, this case does not involve a defendant who represented himself without access to counsel, but, rather, one for whom the court appointed standby counsel. *See Faretta*, 422 U.S. at 808, 95 S.Ct. at 2527; *Goffney*, 843 S.W.2d at 584. This crucial fact distinguishes the facts of this case from those in *Faretta* and its progeny. *See Robertson v. State*, 934 S.W.2d 861, 864 (Tex.App.-Houston [14th Dist.] 1996, no pet.).

■■■ The term "standby counsel" usually describes situations when, in response to a defendant's request for self-representation, the trial court instead allows the defendant's attorney to remain as counsel and be available to advise the defendant and participate in the case, or not, as requested by the defendant. *Faretta*, 422 U.S. at 834, 95 S.Ct. at 2541 n. 46. In such a case, if the defendant thereafter invokes the participation of standby counsel, the representation becomes hybrid, which has been described as "partially pro se and partially by counsel." *See Landers v. State*, 550 S.W.2d 272, 280 (Tex. Crim.App.1977). The *Faretta* admonishments for *pro se* defendants are not required for defendants engaged in hybrid representation. *See Maddox v. State*, 613 S.W.2d 275, 286 (Tex.Crim.App.1980) (no question of waiver of counsel involved with hybrid representation).

In *Robertson v. State*, the Fourteenth Court of Appeals recently addressed the precise issue presented in this case, namely, whether the requirement to admonish a defendant of the dangers of self-representation arises where standby counsel is appointed but does not participate in the trial. 934 S.W.2d at 864. In *Robertson*, the court held it is preferable to admonish a defendant where standby counsel is appointed, but it is not required. *Id.* at 864, 866. The court began by analyzing the factors considered by the Court of Criminal Appeals in deciding when admonishments are constitutionally required. *See id.* at 864–66. The Fourteenth Court found that the Court of Criminal Appeals has held that admonishment is required only where counsel is waived, and that such a waiver does not occur in hybrid representation. *Robertson*, 934 S.W.2d at 865. According to the Fourteenth Court, those cases can be read to say that waiver of counsel and the need to admonish arise only where a defendant waives counsel in the sense of having none available, *i.e.*, neither hybrid representation nor standby counsel. *Id.* The court concluded that, because both hybrid representation and standby counsel involve the defendant's assuming control over important tactical considerations and deciding the extent to which the assistance of counsel will actually be invoked, no basis exists on which to treat standby counsel differently from hybrid representation. *Id.* at 865. Therefore, the court held that, because admonishment is

not required for hybrid representation, it is not required in cases involving nonparticipating standby counsel. *Id.* at 866.

We find the reasoning in *Robertson* persuasive. Although appellant in this case conducted his own defense, he did have access to standby counsel appointed by the trial court. Therefore, we hold that the absence from the record of *Faretta* admonishments was not error.

We overrule appellant's first point of error.

### Withdrawal of Counsel Waiver

■ In his second point of error, appellant claims that the trial court erred in not allowing him to withdraw his waiver of counsel prior to the punishment phase of the trial. Immediately before the announcement of the jury's verdict and the commencement of the punishment phase of the trial, the following exchange occurred among the court, appellant, and counsel for the State:

The Court: Mr. Walker, I understand from your counsel that if the jury finds you guilty you want to withdraw your request for a jury and go to the Court for punishment. Is that what you want to do?

Mr. Walker: Oh, no. The request was that I would like to withdraw my pro se plea; And during the punishment evidence, you know, just put me in the back. I don't want to hear it. I don't want to hear.

The Court: You don't want to go to the Court for punishment? You want the jury to assess punishment?

Mr. Walker: They can assess the punishment.

The Court: All right.

Mr. Walker: I don't want to be present when they do.

The Court: You don't want to be present during the punishment hearing? Well, I'll have to arraign you on the enhancement paragraphs at least to the present [sic].

Prosecutor: Your Honor, we're going to abandon the enhancements.

. . . .

The Court: Okay. Well, bring the jury out then. Let's get the verdict. Put it on the record that you want—all right. First of all, we have not received a verdict in the guilt or innocence, but we're having a hearing in anticipation that the jury does have a verdict. Now, put on the record what you want to put on the record.

Mr. Walker: That I would like to withdraw my pro se plea and allow [standby counsel] to proceed with the punishment evidence or whatever.

The Court: All right. And the Court's ruling is that, as I understand the law, that is not the law in this state. So I cannot allow that. So you may stay and be present as the attorney during the punishment phase if it's a guilty verdict. I don't know what the verdict is.

■ A defendant may withdraw a waiver of the right to counsel at any time. TEX. CODE CRIM. P. ANN. art. 1.051(h) (Vernon Supp.1998). Appellant claims that the trial court improperly denied him the opportunity to exercise this right. Conversely, the State contends that his request to withdraw his waiver of counsel was contingent upon a request that he be excused from the courtroom for the punishment proceedings, a request which the trial court properly denied. *See* TEX.CODE CRIM. P. ANN. art. 33.03 (Vernon 1989) ("In all prosecutions for felonies, the defendant must be personally present at the trial . . .").

Although appellant's request was initially less than clear, the statement, "I would like to withdraw my pro se plea and allow [standby counsel] to proceed with the punishment evidence," was clearly stated and should have informed the trial court that appellant wished to withdraw his waiver of counsel and proceed to punishment represented by his standby counsel. The trial court apparently believed this was an improper request, and the court stated that appellant "may remain present *as the attorney*" during the punishment stage.

We hold that the trial court erred in denying appellant's proper request to withdraw his waiver of counsel. TEX.CODE CRIM. P. ANN. art. 1.051(h). This error did affect the

substantial rights of the accused, in that he was denied representation of counsel after a proper request. TEX.R.APP. P. 42.2(b). Unlike his vigorous participation in the guilt–innocence phase of the trial, his defense in the punishment phase was almost nonexistent. He minimally cross-examined one witness for the State, and conducted no cross-examination of the State's other witness. Appellant made no objections to the evidence or charge and made no argument to the jury.

We sustain appellant's second point of error. Because this error affects only the punishment stage of the proceedings, we reverse and remand for a new punishment hearing. TEX.CODE CRIM. P. ANN. art. 44.29(b) (Vernon Supp.1998).

### Conclusion

We affirm that part of the trial court's judgment reflecting appellant's conviction for murder, but reverse and remand for a new punishment hearing.

ANDELL, J., dissenting.

ANDELL, Justice, dissenting.

I dissent to the majority's disposition of point of error one concerning the lack of admonishments of the dangers and disadvantages of self-representation to appellant, who represented himself with standby counsel who did not participate in the trial.

The majority here is persuaded by the reasoning of our sister court in *Robertson v. State. See* 934 S.W.2d 861 (Tex.App.—Houston [14th Dist.] 1996, no pet.). That reasoning is that standby counsel is similar to hybrid representation, a type of representation for which the Court of Criminal Appeals has found it unnecessary for a trial court to admonish a defendant about the dangers and disadvantages of self-representation. *Id.* at 864–65. While, as an intermediate court, we are generally bound by precedent from the Court of Criminal Appeals, we have no duty to extend precedent to new situations. Not only do I dissent from such an extension by the majority, I urge the Court of Criminal Appeals to reexamine its decision in *Maddox v. State. See* 613 S.W.2d 275, 286 (Tex.Crim. App.1980) (holding it unnecessary to admon-

ish a defendant engaging in hybrid representation of the dangers and disadvantages of self-representation). Whether a defendant represents himself with counsel standing by, or represents himself with counsel actually assisting for certain purposes, in both situations a defendant is making his own strategic and tactical decisions. In both situations a defendant should be warned of the dangers and disadvantages of not allowing an attorney to make those decisions, so that his waiver of his right to representation by counsel is made knowingly and intelligently.

The court in *Robertson* acknowledged the distinction between *representation by* and *assistance of* counsel. *Id.* at 864. It also recognized a tension between the United States Supreme Court's requirement of admonishments whenever *representation by* counsel is waived and the Court of Criminal Appeals which requires admonishments only when *assistance of* counsel is waived. *Id.* at 865. I urge the Court of Criminal Appeals to reconcile this conflict by requiring admonishments whenever a defendant is not being represented by counsel, regardless of the availability of the assistance of counsel.

Accordingly, I respectfully dissent.

SCHNEIDER, C.J., and TAFT, J., also participating.