Opinion issued December 21, 2006 











In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00033-CR






JESSE PRATHER, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause No. 1034927






O P I N I O N


 A jury convicted appellant, Jesse Prather, of possession with intent to deliver
more than four grams, but less than 200 grams, of cocaine. See Tex. Health &
Safety Code Ann. §  481.112(a), (d) (Vernon 2003). After having found true two
enhancement paragraphs alleging felony convictions for assault on a public servant
and possession of cocaine, the trial court assessed appellant's punishment at life in
prison. We determine (1) whether the evidence was legally and factually sufficient
to show possession and (2) whether the trial court erred by allegedly not holding a
Farretta (1) hearing. We affirm.

Background


 In July of 2005, appellant went to a modeling studio. A model complained to
Rene Flores, who was managing the studio that day, that appellant was smoking crack
cocaine in the modeling room. Flores asked appellant to leave, but when appellant
became angry and threatened Flores, Flores refunded appellant's money and called
the police. While Flores was calling the police, appellant remained awhile in the
studio lobby, but soon exited the studio and stood outside. Houston Police
Department ("HPD") Officer Mark Jenkins responded and arrived within a few
minutes. When he patted down appellant, Officer Jenkins found two bags containing
7.7 grams of crack cocaine in appellant's pocket.

 The jury was charged both on the charged offense of possession with intent to
deliver and on the lesser offense of possession. The jury found appellant guilty of the
charged offense of possession with intent to deliver.

Sufficiency of the Evidence


 In his second issue, appellant argues that the evidence is legally and factually
insufficient to show that he intended to deliver the cocaine.

A. Standards of Review

 In reviewing a legal-sufficiency challenge, we view the evidence in the light
most favorable to the verdict to determine whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. King v.
State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000); Johnson v. State, 23 S.W.3d 1,
7 (Tex. Crim. App. 2000). When conducting a factual-sufficiency review, we view
all of the evidence in a neutral light. Cain v. State, 958 S.W.2d 404, 408 (Tex. Crim.
App. 1997). We will set the verdict aside only if (1) the evidence is so weak that the
verdict is clearly wrong and manifestly unjust or (2) the verdict is against the great
weight and preponderance of the evidence. Johnson, 23 S.W.3d at 11. Under the
first prong of Johnson, we cannot conclude that a conviction is "clearly wrong" or
"manifestly unjust" simply because, on the quantum of evidence admitted, we would
have voted to acquit had we been on the jury. Watson v. State, 204 S.W.3d 404, 417
(Tex. Crim. App. 2006). Under the second prong of Johnson, we cannot declare that
a conflict in the evidence justifies a new trial simply because we disagree with the
jury's resolution of that conflict. Id. Before finding that evidence is factually
insufficient to support a verdict under the second prong of Johnson, we must be able
to say, with some objective basis in the record, that the great weight and
preponderance of the evidence contradicts the jury's verdict. Id. In conducting a
factual-sufficiency review, we must also discuss the evidence that, according to the
appellant, most undermines the jury's verdict. See Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003). 

 We may not re-weigh the evidence and substitute our judgment for that of the
fact-finder. King, 29 S.W.3d at 562. The fact-finder alone determines what weight
to place on contradictory testimonial evidence because that determination depends
on the fact-finder's evaluation of credibility and demeanor. Cain, 958 S.W.2d at
408-09. As the determiner of the credibility of the witnesses, the fact-finder may
choose to believe all, some, or none of the testimony presented. Id. at 407 n.5.

B. The Law

 In a possession-with-intent-to-deliver case, the State must prove that the
defendant (1) exercised care, custody, control, or management over the controlled
substance; (2) intended to deliver the controlled substance to another; and (3) knew
that the substance in his possession was a controlled substance. Tex. Health &
Safety Code Ann. §§ 481.002(38) (Vernon Supp. 2006), 481.112(a) (Vernon 2003);
Nhem v. State, 129 S.W.3d 696, 699 (Tex. App--Houston [1st Dist.] 2004, no pet.).
Possession is voluntary "if the possessor knowingly obtains or receives the thing
possessed or is aware of his control of the thing for a sufficient time to permit him to
terminate his control." Tex. Pen. Code Ann. § 6.01(b) (Vernon 2003). Under statute
and as the jury was instructed here, "'[d]eliver' means to transfer, actually or
constructively, to another a controlled substance . . . , regardless of whether there is
an agency relationship. The term includes offering to sell a controlled substance . . . ." 
Tex. Health & Safety Code Ann. § 481.002(8) (Vernon Supp. 2006). These
elements may be established by either direct or circumstantial evidence. Poindexter
v. State, 153 S.W.3d 402, 405-06 (Tex. Crim. App. 2005) (quoting Brown v. State,
911 S.W.2d 744, 747 (Tex. Crim. App. 1995)).

C. Discussion

 Appellant does not contest the sufficiency of the evidence showing that he
possessed the cocaine. Rather, he argues that the evidence showed only that he
possessed the cocaine for private use, not that he intended to deliver it.

 However, the following facts, viewed in the light most favorable to the verdict,
support the jury's implicit finding that appellant intended to deliver the cocaine. 
Flores testified that appellant appeared to be under the influence of drugs and that
Flores could smell a "burned" smell in the room in which he found appellant. While
appellant stood in the studio lobby after Flores had asked him to leave, Flores
observed appellant over the surveillance camera asking incoming customers if they
wanted to "score," which Flores interpreted as an offer to sell drugs. When Officer
Jenkins arrived only a few minutes later, he noticed that appellant, who by then was
standing outside the studio, appeared intoxicated. As the officer patted down
appellant, he found a crack-cocaine pipe and two bags of cocaine in appellant's
pocket. One bag contained 16 smaller baggies of what appeared to be single-use
amounts of crack cocaine; the other bag contained two larger "cookies" of crack
cocaine. Based on his training and experience, (2) Officer Jenkins opined that appellant
intended to sell the crack cocaine, rather than just to use it personally, because (1) the
amount of cocaine recovered was greater than the usual amount for personal use; (2)
16 rocks within one of the bags had been individually packaged in smaller baggies;
and (3) larger cookies of crack cocaine were generally crack in its "wholesale" form,
which would be broken into smaller pieces and packaged for individual sale. The
HPD chemist, Rosanna Rodriguez, opined that the amount of cocaine in the cookies
indicated that they were more likely to be a wholesale amount and that, based on her
training and experience, the 16 individually wrapped cocaine rocks were too much
for personal use and were thus likely to have been intended for delivery. Finally,
Officer Jenkins testified that, in his experience, crack-cocaine dealers are commonly
users of the drug themselves.

 We hold that a rational jury could have concluded from this evidence that
appellant intended to deliver the crack cocaine in his possession, rather than just to
use it himself. Accordingly, we further hold that the evidence was legally sufficient
to support the delivery aspect of appellant's conviction.

 In support of his factual-sufficiency challenge, appellant makes the same
arguments as for his legal-sufficiency challenge, but also notes that Officer Jenkins
admitted that, when he patted appellant down, appellant told him that the cocaine was
his "private stash." Although appellant declared this to Officer Jenkins, and although
there was evidence that appellant was using some of the crack cocaine himself, we
hold that the cited evidence does not render the verdict against the great weight and
preponderance of the evidence. Accordingly, we further hold that the evidence was
factually sufficient to support the delivery aspect of appellant's conviction.

 We overrule appellant's second issue.

Faretta Hearing


 In his first issue, appellant argues

 Appellant did not have a HEARING to determine whether he
intelligently, knowingly or voluntary [sic] waived his right to counsel. 
Appellant's [reporter's record] doesn't contain a Faretta hearing to
determine whether Appellant intelligently, knowingly, and voluntarily
waived his constitutional right to counsel.


A. The Law

 The Sixth Amendment guarantees criminal defendants the right to assistance
of counsel in criminal cases. See U.S. Const. amend. VI; Faretta v. California, 422
U.S. 806, 807, 95 S. Ct. 2525, 2527 (1975). Implied in the right to counsel, and in
other protections of the Sixth Amendment, is a right to self-representation. Faretta,
422 U.S. at 820, 95 S. Ct. at 2533. A criminal defendant's waiver of the right to
counsel and decision to represent himself must be made "knowingly and
intelligently." Id., 422 U.S. at 835, 95 S. Ct. at 2541; Hatten v. State, 71 S.W.3d 332,
333 (Tex. Crim. App. 2002). That decision should also be made competently and
voluntarily. Faretta, 422 U.S. at 834-36, 95 S .Ct. at 2540-41; Collier v. State, 959
S.W.2d 621, 625 (Tex. Crim. App. 1997). The decision to waive counsel and to
proceed pro se is made "knowingly and intelligently" if it is made with a full
understanding of the right to counsel that is being abandoned, as well as of the
dangers and disadvantages of self-representation. Collier, 959 S.W.2d at 626. The
decision is made voluntarily if it is uncoerced. Id. The competence that is required
of a defendant seeking to waive his right to counsel is the competence to waive the
right, not the competence to represent himself. Godinez v. Moran, 509 U.S. 389, 399,
113 S. Ct. 2680, 2687 (1993). 

 In order to ensure that the defendant is competently waiving his right to
counsel, the trial court must warn him of the "dangers and disadvantages"
accompanying such waiver. Tex. Code Crim. Proc. Ann. art. 1.051(g) (Vernon
2005) ("If a defendant wishes to waive his right to counsel, the court shall advise him
of the dangers and disadvantages of self-representation."); Faretta, 422 U.S. at 835,
95 S. Ct. at 2541; Hatten, 71 S.W.3d at 333. "The record must contain proper
admonishments concerning self-representation and necessary inquiries of the
defendant, so that the trial court may make an assessment of his knowing exercise of
the right to defend himself." Walker v. State, 962 S.W.2d 124, 126-27 (Tex.
App.--Houston [1st Dist.] 1997, pet. ref'd).

B. Discussion

 Appellant requested and was appointed counsel, Sam A. Maida Jr., on July 25,
2005. On August 22, 2005, appellant filed a pro se motion to dismiss Maida as his
court-appointed attorney and requested a hearing on the motion. The appellate record
contains no reporter's record of a hearing on appellant's motion, but on August 26,
2005, the trial court granted appellant's motion, and appellant and the trial court
signed a document entitled "waiver of court appointed counsel[,] court findings[,] and
order allowing defendant to proceed pro se." See Tex. Code Crim. Proc. Ann. art.
1.051(g) ("If the court determines that the waiver [of the right to counsel] is
voluntarily and intelligently made, the court shall provide the defendant" with a
written statement). That document recited, in pertinent part:

 The Court informed the defendant that, while he/she may waive
the right to counsel and insist on self-representation, he/she may not
obstruct the orderly procedure in the courts or interfere with a fair
administration of justice.


 The Court inquired as to the accused's age, background,
education, and experience, including legal experience.


 The Court informed the accused of 1) the general nature of the
offense charged and the possible penalties; 2) that there are technical
rules of evidence and procedure with which he will be obligated to
comply; 3) that he/she will not be given special consideration because
of his/her lack of legal training or legal experience; 4) he/she has no
right to standby counsel.


WAIVER OF RIGHT TO COUNSEL



 The Court has advised me of my right to representation by
counsel in the charges pending against me. The Court further advised
me that if I were unable to afford counsel, an attorney would be
appointed for me free of charge. Understanding my right to have
counsel appointed for me free of charge if I am not financially able to
employ counsel, I wish to waive that right. I further request the court to
allow me to proceed with my case without an attorney being appointed
for me. Wishing to proceed pro se, I waive my right to counsel.


 8-26-05 Jesse Prather 

 Date signed Defendant



FINDINGS OF FACT



 The Court FINDS that the defendant has sufficient age,
background, and education to understand the implications and dangers
of self-representation.


 The Court further FINDS that the defendant has been informed 1)
of the general nature of the offense charged and the possible penalties
if he/she is convicted of the offense; 2) that there are technical rules of
evidence and procedure with which he will be obligated to comply; 3)
that he/she will not be given special consideration because of his/her
lack of legal training or legal experience; 4) that he/she will not obstruct
the orderly procedure in the courts or interfere with the fair
administration of justice; and 5) that he/she has no right to standby
counsel.


(Emphasis added.) 

 A docket notation for August 26, 2005 indicates that appellant, along with his
appointed counsel, appeared for a hearing on appellant's motion to dismiss his
counsel, that appellant "was admonished to the guidelines required for the Faretta
warning," and that the trial court "grant[ed] the Faretta [sic] and allow[ed] the
def[endant] to proceed pro se." Other portions of the record also indicate that a
Faretta hearing was held. For example, in appellant's designation of record for
appeal, appellant expressly requested that the Faretta hearing be made part of the
record. Also, during a pretrial hearing the day that trial began, the following
exchange occurred:

 Court: I want to make sure that, just as a review--we've
gone over this several times before, but I want to
review. You will be held to the same standard as
any other attorney. You understand that?


 [Appellant]: Yes, Your Honor.


 Court: Okay. And you understand that it is not my job,
according to the laws of the State of Texas, the
statutes and case law to advise you in any way. You
understand that.


 [Appellant]: Yes, Your Honor.


 Court: And so, you will be held to the same level of
knowledge of the law and of what--the Rules of
Evidence. . . . I want to make sure you understand
what I'm saying.


 [Appellant]: Yes, Your Honor.


 Court: You will be held to the same level of competence,
understanding the Rules of Evidence, and
understanding the laws of the State of Texas as any
practicing lawyer. Do you understand that?


 [Appellant]: Yes, Your Honor.


 Court: Okay. We went over that a long time and--went
over it a couple of times, but I just want to review it.


(Emphasis added.)


 The above information from the record indicates that a Faretta hearing was
conducted, even though a transcription of that hearing is not included in the appellate
record. Accordingly, we overrule appellant's first issue. 



Conclusion


 We affirm the judgment of the trial court.

 All pending motions are overruled as moot.



 Tim Taft

 Justice


Panel consists of Justices Taft, Keyes, and Hanks.

Publish. See Tex. R. App. P. 47.2(b).
1. See Faretta v. California, 422 U.S. 806, 95 S. Ct. 2525 (1975).
2. Officer Jenkins testified that in his nearly 21 years on the police force, he had
made hundreds of drug arrests and had received many hours of training in
narcotics investigation.