Opinion filed September 6, 2007
















 
 
  
 
 







 
 
  
 
 




Opinion filed September 6, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                      Nos. 11-06-00099-CR 
& 11-06-00100-CR

                                                     __________

 

                              ROBERT
CURTIS GOFFNEY, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                         On
Appeal from the 420th District Court

 

                                                   Nacogdoches County, Texas

 

                               Trial
Court Cause Nos. F132412005 & F132422005

 



 

                                                                   O
P I N I O N

 








These appeals arise from two indictments for
aggravated robbery.  The indictment in
Cause No. 11-06-00099-CR charged appellant with committing the offense of
aggravated robbery against Derrick Crawford. 
The indictment in Cause No. 11-06-00100-CR charged appellant with
committing the offense of aggravated robbery against Weldon Beard.  The trial court consolidated the two charges
after granting appellant=s
motion to consolidate.  The jury
convicted appellant of both offenses and sentenced him to confinement in the
Institutional Division of the Texas Department of Criminal Justice for terms of
fifty-five years on each conviction, with the sentences to run concurrently.
Appellant challenges his convictions on appeal in a single brief that presents
one issue.  He contends that the trial
court erred in admonishing him about the risks of self-representation as
required by Faretta v. California, 422 U.S. 806 (1975).  We affirm. 

                                                              Factual
Background 

We note at the outset that appellant does not
challenge the sufficiency of the evidence supporting his convictions.  The case was originally scheduled for trial
on May 2, 2005.  As of that date, the
indictments on file did not contain any enhancement allegations regarding appellant=s previous felony convictions.  Accordingly, the applicable confinement range
for each of the two charges was five to ninety-nine years or life.  Tex.
Penal Code Ann. '' 12.32(a), 29.03(b) (Vernon 2003).  Appellant informed the trial court
immediately prior to jury selection that he wanted to dismiss his
court-appointed attorney.  During the trial
court=s
consideration of the dismissal motion, the prosecutor informed the trial court
and appellant that, if the trial was postponed as a result of appellant=s motion to dismiss counsel, the State
would seek to reindict appellant with an indictment containing enhancement
allegations.  The trial court
specifically warned appellant that new indictments would have the effect of
raising the minimum term of confinement from five to twenty-five years. Tex. Penal Code Ann. ' 12.42(d) (Vernon Supp. 2006).  Appellant responded to the trial court=s warning by stating that the State=s intention to reindict him did not
matter to him based upon the State=s
plea offer.[1]









After the trial court dismissed appellant=s initial trial counsel at the May 2,
2005, hearing, appellant advised the trial court that he wanted to represent
himself.  The trial court subsequently
conducted a Faretta hearing in response to appellant=s request.  The trial court went to great lengths to warn
appellant of the dangers of representing himself and to assess his competency
to defend himself at trial.  The trial
court specifically warned appellant a second time  that the State=s
intention to reindict him would have the effect of increasing the minimum term
of confinement from five to twenty-five years. 
The May 2, 2005, hearing concluded with appellant informing the court
that he had changed his mind about representing himself and that he wanted an
opportunity to retain counsel.  The trial
court gave appellant four weeks to find an attorney.  

The next pretrial hearing occurred on August 15,
2005.  The hearing began with an
announcement by the trial court that appellant was not able to retain an
attorney to represent him after the May 2, 2005, hearing.  The trial court stated further that it had
appointed another attorney to represent appellant during the interval between
the two hearings.  Appellant informed the
trial court that he wanted to represent himself at trial with the newly
appointed attorney serving in an advisory capacity to him.  The trial court then conducted another
lengthy Faretta hearing to warn appellant of the risks of
self-representation.  At one point during
the hearing, the trial court addressed the applicable punishment range.  Amended indictments containing enhancement
allegations had not yet been filed.[2]  Accordingly, the applicable punishment range
at the time of the August 15, 2005, hearing was five to ninety-nine years or
life.  The trial court advised appellant
of this punishment range. The trial court additionally warned appellant of the
possibility that the State would seek to reindict him. The trial court asked
appellant if he had previously been incarcerated.  Appellant responded by stating that he had
been incarcerated one previous time. 
Based upon appellant=s
response, the trial court advised appellant that he could possibly face a
minimum term of confinement of fifteen years.

The August 15, 2005, hearing concluded with the
trial court=s
announcement that appellant would be permitted to represent himself.  The trial court additionally ordered
appellant=s newly
appointed counsel to serve as standby counsel in order to advise appellant
during trial.[3]  Lastly, the trial court advised appellant
that, if he changed his mind about representing himself, the court would permit
standby counsel to take over his defense.








Appellant=s
trial began on January 9, 2006.  The
proceedings started with the trial court confirming appellant=s desire to represent himself at
trial.  The trial court explained the
appointed counsel=s
advisory role as standby counsel. 
Appellant also executed the statutory waiver of counsel form set out in
Tex. Code Crim. Proc. Ann. art.
1.051(g) (Vernon 2005).  The case then
proceeded with jury selection.  Appellant
actively participated in the voir dire examination of the prospective jurors.  He continued his self-representation during
the direct testimony of the State=s
first witness, Detective Ryan Ball of the Nacogdoches Police Department.  Appellant subsequently decided that he no
longer wanted to represent himself after he began his cross-examination of
Detective Ball.  Appellant=s standby counsel then assumed control
of appellant=s defense
for the remainder of the trial.

                                                                        Analysis

In his sole issue in these appeals, appellant
complains that the trial court=s
warnings against self-representation were insufficient in two material
respects.  First, appellant contends that
the admonishments given during the May 2, 2005, hearing were improper because
his appointed counsel had been discharged prior to the Faretta hearing.
Secondly, appellant contends that the admonishments given during the August 15,
2005, hearing were insufficient because the trial court did not warn of the
possibility that he might be facing a minimum term of confinement of
twenty-five years.  In this regard,
appellant contends that the trial court should have conducted an additional Faretta
hearing after he was reindicted.  We
conclude that any error by the trial court in giving warnings required by Faretta
were of no consequence because appellant was represented by counsel.

In all criminal prosecutions, the accused has a
right to the assistance of counsel for his defense.  U.S. Const. amend. VI.  A
defendant in a criminal proceeding also has a Sixth Amendment right to
self-representation rather than being represented by counsel. Faretta,
422 U.S.
at 819.  To choose self-representation
competently and intelligently, the defendant should be made aware of the
dangers and disadvantages of self-representation so that the record will
establish that the defendant Aknows
what he is doing and his choice is made with his eyes open.@ 
Faretta, 422 U.S.
at 835.  The record must contain proper
admonishments concerning self‑representation and necessary inquiries of
the defendant, so that the trial court may make an assessment of his knowing
exercise of the right to defend himself. 
Goffney v. State, 843 S.W.2d 583, 585 (Tex. Crim. App.
1992).  However, the trial court is not
required to follow a particular script of questions and warnings to establish a
knowing and intelligent waiver. See Blankenship v. State, 673 S.W.2d
578, 583 (Tex. Crim. App. 1984).  








Some Texas courts have held that the admonishments
against self-representation are not required in a case where standby counsel is
appointed even if the standby counsel does not participate at trial.  Walker v. State, 962 S.W.2d 124, 126
(Tex. App.CHouston
[1st Dist.] 1997, pet. ref=d);
Robertson v. State, 934 S.W.2d 861, 864, 866 (Tex. App.CHouston [14th Dist.] 1996, no pet.).  They base this holding on the rationale that
a defendant does not waive his right to the assistance of counsel if he has
standby counsel at his disposal. 
Appellant=s
situation is different because he invoked the participation of standby counsel
during trial. 

If the defendant invokes the participation of
standby counsel, the representation becomes hybrid, which has been described as
Apartially pro se and partially by
counsel.@  Walker, 962 S.W.2d at 126 (quoting Landers
v. State, 550 S.W.2d 272, 280 (Tex. Crim. App. 1977)). The Faretta
self‑representation admonishments are not required in a case of hybrid
representation because there is no waiver of counsel.  See Maddox v. State, 613 S.W.2d 275,
286 (Tex. Crim. App. 1980); Phillips v. State, 604 S.W.2d 904, 908 (Tex.
Crim. App. 1979).  Accordingly, appellant=s sole issue is overruled.

                                                               This
Court=s Ruling

The judgments of the trial court are affirmed.

 

 

TERRY McCALL

JUSTICE

 

September 6, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.











[1]In a prior pretrial hearing, appellant=s initial trial counsel advised him that the State had
offered to recommend two sentences of thirty years confinement to run concurrently
if he pleaded guilty to the offenses. 
Counsel warned appellant on the record of the possibility that the State
might seek to increase the minimum term of confinement from five to twenty-five
years if he did not accept the plea offer. 






[2]Amended indictments alleging two prior felony
convictions were subsequently filed on August 26, 2005.





[3]The term Astandby
counsel@ describes situations when, in response to a defendant=s request for self‑representation, the trial
court instead allows an attorney to be available to advise the defendant and
participate in the case, or not, as requested by the defendant. Walker v.
State, 962 S.W.2d 124, 126 (Tex. App.CHouston
[1st Dist.] 1997, pet. ref=d); see Faretta, 422 U.S. at 834 n.46.