IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-21,998-06






EX PARTE KENNETH IVORY GANTHER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 959157-A IN THE 178TH DISTRICT COURT


FROM HARRIS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of robbery and
sentenced to life imprisonment. The Fourteenth Court of Appeals affirmed his conviction. Ganther
v. State, No. 14-04-01057-CR (Tex. App. - Houston [14th], February 7, 2006, pet. ref'd). 

 Applicant contends, among other things, that he was denied the right to representation of
counsel when, in an off-the-record conference following jury voir dire, Applicant informed the court
that he did not want to represent himself and that an attorney who had been helping him to prepare
for trial was willing to represent him at trial, but the court denied Applicant's request for
representation of counsel.

 Applicant has alleged facts that, if true, might entitle him to relief. See Walker v. State, 962
S.W.2d 124 (Tex. App. - Houston [1st] 1997). In these circumstances, additional facts are needed. 
As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is
the appropriate forum for findings of fact. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether, in an off-the-record conference
following jury voir dire, Applicant requested and was denied the representation of counsel, and if so,
why. The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be
returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: September 12, 2007

Do not publish