

# NUMBER 13-11-00636-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**ARMANDO EUGENE HICKS,**            **Appellant,**

**v.**

**THE STATE OF TEXAS,**            **Appellee.**

---

**On appeal from the 359th District Court
of Montgomery County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Garza, Perkes, and Longoria
Memorandum Opinion by Justice Longoria**

By two issues, appellant, Armando Eugene Hicks, appeals his conviction for possession of cocaine, a controlled substance in Penalty Group 1, in an amount greater than 400 grams, with intent to deliver, a first-degree felony offense. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D), 481.112(a), (f) (West 2010). We affirm.

## I. BACKGROUND[1]

Appellant was arrested after he attempted to purchase five kilograms of cocaine from an undercover agent of the United States Drug Enforcement Agency. Thereafter, appellant was indicted for possession with intent to deliver. Appellant pled not guilty and elected to represent himself at trial. The trial court appointed standby counsel to assist him.

After appellant attempted to file fraudulent liens on the home of the presiding judge of the 9th District Court, where his case was pending, and the homes of the prosecutors handling the case, the court ordered a psychiatric evaluation of appellant and subsequently transferred the case to the 359th District Court. Again, appellant attempted to file a lien on the home of the presiding judge, who later recused herself and was replaced by a visiting judge. Ultimately, appellant proceeded to trial pro se, but he was accompanied by standby counsel, who cross-examined several witnesses, made trial objections, and conducted the direct examination of the only defense witness other than appellant.

The jury found appellant guilty as charged and assessed punishment at life imprisonment. This appeal ensued.

## II. WAIVER OF RIGHT TO COUNSEL

In his first issue, appellant argues that his conviction must be reversed because the trial court failed to properly admonish him regarding the perils of self-representation.

### A. Applicable Law

---

[1] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

"An indigent defendant is . . . entitled to appointed counsel unless the defendant competently, intelligently, and voluntarily waives the right to counsel." *Williams v. State*, 252 S.W.3d 353, 356 (Tex. Crim. App. 2008). To be constitutionally effective, the assertion of the right to self-representation "must be made (1) competently, (2) knowingly and intelligently, and (3) voluntarily." *Moore v. State*, 999 S.W.2d 385, 396 (Tex. Crim. App. 1999). "The decision to waive counsel and proceed pro se is made 'knowingly and intelligently' if it is made with a full understanding of the right to counsel, which is being abandoned, as well as the dangers and disadvantages of self-representation." *Id.* at 396 n.4. "The decision is made 'voluntarily' if it is uncoerced." *Id.*

Once the defendant has asserted his right to self-representation, "the trial judge must inform the defendant about the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." *Williams*, 252 S.W.3d at 356. "When advising a defendant about the dangers and disadvantages of self-representation, the trial judge must inform the defendant that there are technical rules of evidence and procedure, and he will not be granted any special consideration solely because he asserted his pro se rights." *Id.* "But a trial judge has no duty to inquire into an accused's age, education, background or previous mental history in every instance where an accused expresses a desire to represent himself." *Id.*

## B. Standard of Review

"Courts indulge every reasonable presumption against waiver and do not presume acquiescence in the loss of fundamental rights." *Id.* "The trial judge is

responsible for determining whether a defendant's waiver is knowing, intelligent, and voluntary." *Id.* "To assess whether a waiver is effective, courts consider the totality of the circumstances." *Id.*

## C. Discussion

In this case, the record reflects that appellant asserted his right to self-representation from the outset of the proceedings. The record also reflects that the trial court appointed counsel to advise appellant regarding the trial process and to ensure that appellant understood the consequences of proceeding pro se. Subsequently, in a hearing held approximately two weeks later, the trial court stated that it was going to "assume" that one of the other two judges who had presided over appellant's case had advised him of the "dangers in representing yourself." Appellant answered affirmatively. The trial court asked appellant if he understood "that we operate under Rules of Evidence," and appellant stated that he did. The trial court also asked appellant if he understood that counsel had been appointed to assist him, and appellant stated that he did. In a hearing held the following month, the trial court asked appellant if he had re-considered his decision to represent himself, and appellant stated that he still desired to represent himself. Standby counsel was present during all of the foregoing exchanges and assisted appellant at trial.

We note that "admonishments to a defendant about the perils of self-representation are not required (though preferable) when, as in this case, standby counsel has been appointed." *Cudjo v. State*, 345 S.W.3d 177, 184 n.4 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd); *see also Walker v. State*, 962 S.W.2d 124, 127 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) ("Although appellant in this case

4

conducted his own defense, he did have access to standby counsel appointed by the trial court. Therefore, we hold that the absence from the record of *Faretta* admonishments was not error."). Therefore, we reject appellant's argument that the trial court erred in failing to properly admonish him.

Appellant's first issue is overruled.

### III. ADMISSIBILITY OF EVIDENCE

In his second issue, appellant argues that the trial court erred in admitting the evidence of cocaine because there were gaps in the chain of custody and evidence of tampering.

### A. Standard of Review

"An appellate court reviewing a trial court's ruling on the admissibility of evidence must utilize an abuse-of-discretion standard of review." *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). "In other words, the appellate court must uphold the trial court's ruling if it was within the zone of reasonable disagreement." *Id.* "In addition, the appellate court must review the trial court's ruling in light of what was before the trial court at the time the ruling was made." *Id.*

### B. Applicable Law

"Absent evidence of tampering or other fraud, . . . problems in the chain of custody do not affect the admissibility of the evidence." *Druery v. State*, 225 S.W.3d 491, 503 (Tex. Crim. App. 2007). "Instead, such problems affect the weight that the fact-finder should give the evidence, which may be brought out and argued by the parties." *Id.* at 503–04.

### C. Discussion

5

In this case, appellant argues that there was evidence of tampering because, according to a laboratory report by the Texas Department of Public Safety dated October 11, 2005 (approximately five years before appellant's arrest), the cocaine used by law enforcement in appellant's transaction weighed 6.91 kilograms; yet, the cocaine admitted as State's exhibit 88 had a gross weight of 7.132 kilograms. We disagree that this is evidence of tampering.

Under section 37.09 of the Texas Penal Code, tampering with evidence occurs when a person "alters, destroys, or conceals any record, document, or thing with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding" or "makes, presents, or uses any record, document, or thing with knowledge of its falsity and with intent to affect the course or outcome of the investigation or official proceeding." TEX. PENAL CODE ANN. § 37.09(a) (West Supp. 2011).

At trial, the State's laboratory technician testified regarding the discrepancy in the weight of the cocaine. The first measurement of 6.91 kilograms was "net weight" (i.e., without packaging), whereas the second measurement of 7.132 kilograms was "gross weight" (i.e., with packaging). The witness further testified that it is not unusual for the packaging materials to weigh 200 grams or more when dealing with this quantity of cocaine. In light of the foregoing testimony, we conclude that the trial court's ruling was within the zone of reasonable disagreement. *See Weatherred*, 15 S.W.3d at 542. Furthermore, any alleged gaps in the chain of custody go to weight, and not admissibility, of the evidence. *See Druery*, 225 S.W.3d at 503–04.

Appellant's second issue is overruled.

## IV. Conclusion

The judgment of the trial court is affirmed.

 

 

_____
NORA L. LONGORIA
Justice

Do not publish.
Tex. R. App. P. 47.2(b)

Delivered and filed the
28th day of February, 2013.