October 20, 2015

57.250-13

Court of Criminal Appeals
Clerk, Abel Acosta,
P.O. Box 12308, Capitol Station
Austin, Texas, 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 23 2015

Abel Acosta, Clerk

IN RE: Donald Gene Blanton
Cause No. # 23,078-86/23,592-86

Dear, Clerk

Enclose For ~~Filing~~ And Presentation

MOTION DENIED
DATE: 10-28-15
BY: DC

To The Court Of Criminal Appeals

Justices At your Earliest Convenience

Please Find ~~The~~ Original Applicant

Motion For Leave To Filed, Motion For

Rule 201 Judicial Notice Texas Rules

Of Evidence Of Applicant Actual

Innocence, For Filing.

This document contains some
pages that are of poor quality
at the time of imaging.

Respectfully Submitted,

Donald Gene Blanton

October 20, 2015

IN THE
Court OF Criminal Appeals
Austin, Texas

Ex Parte                    Cause No.# 23,078-86/23,592-86

Donald Gene Blanton,
                    Applicant,

Motion For Leave To Filed
Motion For Rule 201 Judicial
Notice Texas Rules Of Evidence
Of Applicant Actually Innocence:

To THE Honorable Justices of said
Court:

Comes Now, Donald Gene Blanton,
T)CJ-CID# 1307891, Herein After Applicant
Proceeding Pro Se Without Benefit
of Counsultation With A Trained Legal
Professional,

1.

I DECLARE UNDER PENALTY OF PERJURY AND PAIN THAT THE FOREGOING FACTS IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF. AND WILL SHOW THIS COURT THE FOLLOWING,

ON JUNE 28, 2005 KAUFMAN COUNTY DISTRICT COURT JURY. DURING DONALD GENE BLANTON JURY TRIAL FOR THE OFFENSES

(1) POSSESSION OF COCAINE, LESS THAN ONE GRAM, AND (2) TAMPERING WITH EVIDENCE. SEE, ATTACHED, COURT OF APPEAL FIFTH DISTRICT OF TEXAS AT DALLAS JULY 21, 2006, OPINION,

THE JURY FOUND DONALD GENE BLANTON GUILTY FOR THE OFFENSE OF MISDEMEANOR MARIJUANA AND ROLLING PAPERS, STATE'S EXHIBIT-C, EXHIBIT #4 SAME EXHIBIT,

2-

SEE, ATTACHED, STATES SWORN
AFFIDAVIT PAGE 12-13, STATE SUBMITTED
TO THE COURT OF CRIMINAL APPEALS
IN THE STATE'S WRIT OF HABEAS
CORPUS PROCEEDINGS,

DONALD GENE BLANTON WAS NOT CHANGED
WITH MISDEMEANOR MARIJUANA
AND ROLLING PAPERS WITH THE
KAUFMAN COUNTY DISTRICT ATTORNEY,
ERLEIGH NORVILLE WILEY OFFICE,
KAUFMAN COUNTY DISTRICT ATTORNEY
DISMISSED THE MISDEMEANOR
MARIJUANA AND ROLLING PAPERS
SEE, ATTACHED, DISTRICT ATTORNEY
JUNE 29. 2005 DISMISSAL WETHER

ALSO HE WAS NOT INDICTED
FOR MISDEMEANOR MARIJUANA AND
ROLLING PAPERS,

3

Kaufman County Jury on June 29, 2005 sentence him to Life and 20 years in prison for misdemeanor marijuana and rolling papers, see, attached, State's sworn affidavit page 12-13, Exhibit-C,

Kaufman County District Attorney, Erleigh Norville Wiley office fraudulent the evidence to secure the conviction, fraudulent the evidence to the Fifth District Court of Appeals at Dallas to Chief Justice, Carolyn Wright that affirm his direct appeal on the fraudulent evidence from Kaufman County District Attorney, Erleigh Norville Wiley, see, attached, Court of Appeals May 21, 2015 Letter,

-4-

ON SEPTEMBER 11, 2015, STATE COMMISSION ON JUDICIAL CONDUCT EXECUTIVE DIRECTOR, SEANA WILLING OPEN A CRIMINAL INVESTIGATION AGAINST CHIEF JUSTICE, CAROLYN WRIGHT FOR "CONSPIRACY" TO TRY TO "COVER-UP" KAUFMAN COUNTY DISTRICT ATTORNEY, ERLEIGH NORVILLE WILEY OFFICE "FRAUDULENT EVIDENCE SCANDAL" IN VIOLATION OF DONALD GENE BLANTON CONSTITUTION RIGHTS AS A ACTUALLY INNOCENCE MAN.

ON MARCH 31, 2008, COURT OF CRIMINAL APPEALS JUSTICES "DENIED" DONALD GENE BLANTON WRIT OF HABEAS CORPUS 11.07 PETITION WITHOUT A WRITTEN ORDER ON THE FINDINGS OF FACTS OF THE TRIAL COURT EX PARTE BLANTON, WR-57-250-04.

5.

Kaufman County District Attorney Fraudulent ~~the~~ evidence to the Court of Criminal Appeals Justices In the Writ of Habeas Corpus proceedings...Criminal Court of Criminal Appeals Justices Relied upon to Denied Donald Gene Blanton Writ of Habeas Corpus.

On September 30, 2015, Donald Gene Blanton filed three (3) illegal motions in the Court of Criminal Appeals bringing to Court of Criminal Appeals Justices Attention Donald Gene Blanton is a Actually ~~Innocence~~ Man Serving Wife And 20 years in Prison For A Misdemeanor Amount of marijuana and Rolling papers that the Kaufman County District Attorney

6.

Erleigh Norville Wiley office FRAUDULENT THE Evidence To TAKE AWAY A Actually INNOCENCE MAN FREEDOM... THESE (3) LEGAL MOTIONS is PROPERLY filed BEFORE THis COURT AND THE RULING OF THE COURT OF CRIMINAL APPEALS WILL BE MAILED TO THE STATE COMMISSION ON JUDICIAL CONDUCT EXECUTIVE DIRECTOR, SEANA WILLING FOR A FRAUD/ CONSPIRACY INVESTIGATION

AND A COPY of THE (3) LEGAL MOTIONS filed IN THE COURT OF CRIMINAL APPEALS SEPTEMBER 30, 2015 AND OCTOBER 16, 2015 WILL BE MAILED TO THE UNITED STATES PRESIDENT, BARACK OBAMA FOR REVIEW AND DIRECT

7.

THE UNITED STATES ATTORNEY
GENERAL LORETTA LYNCH Office
TO OPEN A CRIMINAL INVESTIGATION
INTO DONALD GENE BLANTON CONSTITUTION
RIGHTS VIOLATIONS OF HIS ACTUALLY
INNOCENCE.

RESPECTFULLY SUBMITTED,
Donald Gene Blanton

8.



In The

# Court of Appeals
## Fifth District of Texas at Dallas

---

No. 05-05-01060-CR
No. 05-05-01061-CR

---

### DONALD GENE BLANTON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 86th Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause Nos. 23078-86 and 23592-86**

---

## OPINION

Before Justices Whittington, Bridges, and Richter
Opinion By Justice Richter

A grand jury indicted Donald Gene Blanton on two charges: (1) possession of cocaine in an amount less than one gram (appellate cause number 05-05-01060-CR) and (2) tampering with evidence (appellate cause number 05-05-01061-CR). The charges arose after Mabank police officer Joshua Jennings signaled Blanton to stop for a traffic violation. During the approximate 250 feet Blanton traveled before stopping, Jennings observed Blanton throw two plastic "baggies" from his car window. The bags were later retrieved and, although ripped with some of the contents spilling onto the street and unrecoverable, they contained a measurable amount of what appeared to be crack

cocaine and marijuana.[1]

Dissatisfied with his appointed counsel, Blanton moved for new counsel prior to trial. When his request was denied, he moved and was allowed to proceed "pro se with assistance of counsel."[2] After a jury convicted him of both offenses and assessed an enhanced punishment of twenty years in the possession case and life in the tampering case, Blanton was again appointed counsel. On appeal, Blanton argues that his convictions should be reversed because (a) the evidence is legally and factually insufficient to support the convictions, (b) he did not knowingly, voluntarily, and competently waive his right to assistance of counsel, and (c) the trial judge erred in failing to grant his request for new appointed counsel and his request to submit a jury charge instruction concerning the legality of the stop. Finding against Blanton, we affirm.

## Sufficiency of the Evidence

In his first four issues, Blanton contends the evidence is legally and factually insufficient to support the convictions. We review challenges to the legal and factual sufficiency of the evidence under well-known standards. In reviewing a legal sufficiency challenge, we view the record in the light most favorable to the verdict and determine whether, based on the evidence and reasonable inferences, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004). In reviewing a factual sufficiency challenge, we view all the evidence in a neutral light to determine whether the jury was rationally justified in finding guilt beyond a reasonable doubt. *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004). We will find the

---

[1] The record does not reflect whether any charges were filed stemming from the marijuana.

[2] Blanton's proceeding "pro se with assistance of counsel" amounted to hybrid representation as both Blanton and counsel participated at trial. *See Walker v. State*, 962 S.W.2d 124, 126 (Tex. App.-Houston [1st Dist.] 1997, pet. ref'd). The record reflects counsel filed and argued pre-trial motions; conducted voir dire; participated extensively at guilt-innocence by cross-examining the State's expert, directing the defense's sole witness, moving for an instructed verdict, objecting to the charge, and arguing at closing; and participated in every aspect of punishment. Blanton participated only at guilt-innocence, making opening argument and cross-examining the arresting and back-up officers.

--2--

**IN THE 86TH JUDICIAL DISTRICT COURT
KAUFMAN COUNTY, TEXAS**

| | | |
|---|---|---|
| EX PARTE | * | |
| | * | CAUSE NO. 23,078A-86 |
| DONALD GENE BLANTON, | * | and |
| | * | CAUSE NO. 23,592A-86 |
| APPLICANT | * | |

## ATTORNEY'S AFFIDAVIT

STATE OF TEXAS   (
                  (
COUNTY OF KAUFMAN  (

BEFORE ME, the undersigned authority, personally appeared DEBORAH A. BEESLEY, Attorney at Law, who, by me duly sworn on her oath deposed and said as follows:

"My name is DEBORAH A. BEESLEY. I am an attorney licensed to practice law in the State of Texas. My State Bar Card number is 02042300. I was the attorney appointed by the honorable Judge of the 86th Judicial District Court, Kaufman County, Texas, to represent, **DONALD GENE BLANTON,** Applicant in Cause No. 23,078-86 and Cause No. 23,592-86 in the 86th JUDICIAL DISTRICT COURT OF KAUFMAN COUNTY, TEXAS, which resulted in Applicant being sentenced to twenty years in prison in Cause No. 23,078-86 and to life in prison in Cause No. 23,592-86 by a jury.

"As to the claim that Applicant received ineffective assistance from his trial counsel, I would show the Court that I was not Applicant's trial counsel. I had been appointed to represent **DONALD GENE BLANTON** on August 2, 2004. I met with Applicant on August 4, 2004 at the Kaufman County Law Enforcement Center in Kaufman, Texas. At that time, Applicant had been charged with two felony offenses, Possession of a Controlled Substance Penalty Group One, Less Than One Gram and Tampering With Physical Evidence. Applicant advised me that he was on parole and would have a blue warrant issued for him soon if one had not already been issued for him. Applicant also advised me that the police should have a video of his traffic stop and that the tape would show the police planting drugs on him during the stop. I immediately contacted the District Attorney's Office for Kaufman County and discovered that their office had not received the police report on Applicant's cases yet. I met with Applicant again at the jail on August 12, 2004 to inform him that the District Attorney's Office did not have a copy of his police report or his videotape yet but that I would continue to investigate his case by contacting the Mabank Police Department myself. On September 3, 2004, I was able to talk with Chief

ATTORNEY'S AFFIDAVIT - PAGE 1

187

be appointed to represent him. The Court denied Applicant's request. The Court advised Applicant that he could have any attorney that he wanted as long as he was willing to pay for the attorney. Applicant did not state any valid reasons as to why I was not representing him effectively. Essentially, Applicant was upset with me because I had advised him that I anticipated that a jury would convict based on the evidence in his cases and that was the only reason he was upset. As the Judge told Applicant during that hearing, Applicant probably would not be happy with any attorney who bothered to tell him the truth ....that he would be convicted by the evidence in his cases.

"With respect to the Judge admonishing the Applicant on his right to represent himself, the Judge did everything in his power to make sure that the Applicant understood that he alone would be responsible for knowing everything an attorney should know about the laws when trying cases. No one forced Applicant to represent himself. That decision was his and his alone. No one in the courtroom felt that was a good decision on Applicant's part, but he has the right to represent himself even if he has a fool for a client.

"As to Applicant's Ground Five, it is totally and completely without merit. No one other than the jurors went back into the jury room during deliberations. The alternate juror was dismissed and released from her jury duty prior to the jury beginning their deliberations.

"With respect to Applicant's Ground Six, he alleges that his conviction was obtained due to improper instructions to the jury regarding having testimony read back during jury deliberations. Applicant's allegation is totally without merit. The Judge gave the proper instructions with regards to the jury not being specific enough in their note about the testimony they wanted read back to them. The court reporter was in the process of finding the testimony that the jurors had requested be read back to them when the jury sent out the filled out verdict form which indicated that they had reached a verdict. Contrary to Applicant's allegation, the jury would have been allowed to hear the testimony that they felt was in dispute but for, apparently, their own decision to continue deliberating and trying to reach a verdict while the court reporter was looking the information up for them. The Judge certainly did not instruct the jury to continue on with their deliberations without hearing the testimony that they had requested.

"In his claim in Ground Eight, Applicant alleges that the baggies which contained the 'altered' evidence in his case was not ripped or torn as alleged by the State. Applicant's allegation is totally and completely false. During my investigation of the case, I talked with all of the witnesses who came into contact with the evidence. Each witness indicated to me that the baggies were ripped or torn when he first saw the baggies containing the cocaine in Applicant's cases. This was also verified to me by Andrew Macey who conducted the analysis of the drugs. Also, I personally viewed the two baggies myself prior to the jury trial and noticed that the two baggies definitely had been either ripped or

**ATTORNEY'S AFFIDAVIT - PAGE 12**

torn. I also showed the torn baggies to Applicant prior to the beginning of his jury trial. In addition, I would bring to the Court's attention that Applicant mislead the Court when he attached a copy of the baggie in Applicant's Appendix "F." Applicant stated to the Court that the picture in Applicant's Appendix "F" is a picture of the baggie that is alleged by the State to contain cocaine. It is not. The baggie that is shown in that picture contained the marijuana that Applicant also had in his possession at the time of his arrest. It does not contain a picture of the two separate baggies which contained the cocaine that was the reason for his arrest. I have attached a copy of the picture which actually shows the two torn baggies which held were evidence against Applicant at his trial, see attached Exhibit "C."

"As to Applicant's allegation in Ground Nine that his convictions were obtained and based on legally and factually insufficient evidence, Applicant could not be more wrong. After obtaining all of the evidence on Applicant's cases, I explained to him that the evidence was overwhelmingly against him. The evidence against Applicant was one of the strongest and most powerful in a criminal case that I had ever seen. Not only did Officer Jennings testify that Applicant was in possession of a controlled substance, but he also testified that he saw Applicant exercise care, custody and control over the drug when Applicant threw the two separate baggies out of his truck window. The Officer also testified that the baggies appeared to have been tampered with because they had been ripped in order to allow the drugs to fly out of the bags as the Applicant was tossing the bags out of his window. All of the arresting officer's testimony was corroborated by the videotape of the incident. Applicant's convictions, despite his allegations to the contrary, were based on legally and factually sufficient evidence.

"As to Applicant's claim in Ground Ten that his convictions were obtained due to the wrongful denial of his Motion for Change of Venue, I would submit that the Judge's denial of his Motion was proper. Applicant was well aware of the burden in Chapter Thirty-One of the Texas Code of Criminal Procedure that requires a defendant to prove that he could not receive a fair and impartial jury in Kaufman County, Texas in order to get the venue changed. He had asked me about getting a change of venue while I was preparing his case for trial and we had specifically discussed that issue. I even made a special trip back to the jail just to show Applicant that particular law so that he could read it for himself. Applicant had the burden of proving that he could not receive a fair trial and he did not prove that. None of the panel members indicated that they had prior knowledge of the Applicant or of his cases.

"As to Applicant's allegation in Ground Eleven, he claims that his convictions were obtained because the trial court failed to properly and adequately present the fact issue as to probable cause for the traffic stop to the jury. Applicant's allegation is without merit. The Judge properly denied Applicant's request. During Officer Jennings' testimony,

---

**ATTORNEY'S AFFIDAVIT - PAGE 13**

254

Exhibit C #5





STATE'S EXHIBIT #

GREEN VEGETABLE MATTER BA

MISDEMEANOR #5

MARIJUANA



8:





#5

# Ed Walton
## Criminal District Attorney
100 W. Mulberry
Kaufman, Texas 75142
(972) 932-4331

June 29, 2005

Carla Stone
Kaufman County Law Enforcement Center

**RE: Donald Gene Blanton, DOB 11/13/1962;** *Poss Marij 2 oz. AH*

Dear Ms. Stone:

Please release the hold on Donald Gene Blanton for the offense of Possession of Marihuana alleged to have occurred on July 10, 2004. The State has reviewed this case and does not wish to prosecute the case.

Thank you,

Bi Hunt
Assistant District Attorney
Bar No. 24027081

**EXHIBIT "C"**

*10.*

## INDEX TO EXHIBITS

State's Exhibit A (Affidavit from Trial Counsel)

State's Exhibit B (Affidavit from Court Reporter)

State's Exhibit C (Affidavit from Bailiff)

State's Exhibit D (Affidavit from Prosecutor)

CHIEF JUSTICE
CAROLYN WRIGHT

JUSTICES
DAVID L. BRIDGES
MOLLY FRANCIS
DOUGLAS S. LANG
ELIZABETH LANG-MIERS
ROBERT M. FILLMORE
LANA MYERS
DAVID EVANS
DAVID LEWIS
ADA BROWN
CRAIG STODDART
BILL WHITEHILL
DAVID J. SCHENCK

LISA MATZ
CLERK OF THE COURT
(214) 712-3450
theclerk@5th.txcourts.gov

GAYLE HUMPA
BUSINESS ADMINISTRATOR
(214) 712-3434
gayle.humpa@5th.txcourts.gov

FACSIMILE
(214) 745-1083

INTERNET
WWW.TXCOURTS.GOV/5THCOA.ASPX



## Court of Appeals
## Fifth District of Texas at Dallas

600 COMMERCE STREET, SUITE 200
DALLAS, TEXAS 75202
(214) 712-3400

May 21, 2015

Mr. Donald Gene Blanton
#1307891
Ferguson Unit
12120 Savage Drive
Midway, TX, 75852

RE:    Court of Appeals Number:    05-14-01324-CV
       Trial Court Case Number:    23078-86

Style:  In Re: Donald Gene Blanton

Dear Mr. Blanton:

I have been asked to respond to your April 6, 2015 letter to Chief Justice Wright. Please be advised that it is inappropriate to correspond directly with a justice of this Court. Please direct any future correspondence to the clerk of court as required by the rules of appellate procedure. TEX. R. APP. P. 9.6.

Respectfully,

/s/ Lisa Matz, Clerk of the Court

cc:
Ms. Erleigh Norville Wiley
District Attorney
Kaufman County District Attorney's Office
Kaufman County Courthouse
100 W. Mulberry
Kaufman, TX, 75142

LM/bm