William Robert OLIVER, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–90–00285–CR.

Court of Appeals of Texas, Houston (1st Dist.).

June 24, 1999.

Kenneth W. Brauer, Houston, for Appellant.

John B. Holmes, District Attorney of Harris County, Alan Curry, Houston, for State.

Panel consists of Justices HEDGES, ANDELL, and DUGGAN.*

## OPINION

LEE DUGGAN, Jr., Justice.

In its opinion at 872 S.W.2d 713 (Tex. Crim.App.1994), the Court of Criminal Appeals vacated our previous opinion at 813 S.W.2d 762 (Tex.App.—Houston [1st Dist.] 1991), and remanded this cause with instructions to reconsider the case in light of its opinion in *Green v. State,* 872 S.W.2d 717 (Tex.Crim.App.1994). On remand, we

---

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals for the First District of Texas at Houston, participating by assignment.

1. Article 15.17 provides:

The magistrate shall inform in clear language the person arrested, either in person or by closed circuit television, of the accusation against him and of any affidavit filed therewith, of his right to retain counsel, of his right to remain silent, of his right to

affirmed appellant's conviction. *Oliver v. State,* 881 S.W.2d 87 (Tex.App.—Houston [1st Dist.] 1994). Appellant filed a petition for discretionary review, contending we erred in not providing him the opportunity to rebrief and present arguments. The Court of Criminal Appeals again granted appellant's petition, vacated our opinion, and remanded the cause to allow appellant to file a brief. *Oliver v. State,* 891 S.W.2d 651, 652 (Tex.Crim.App.1995). Having reviewed appellant's brief, we affirm.

### Facts

On July 21, 1987, a felony complaint was filed against appellant for possession of a controlled substance. A preliminary initial appearance hearing ("PIA hearing") was set for the following day. The docket sheet reflects that on July 22, 1987, appellant appeared at the hearing without counsel and was given the statutory warnings required by article 15.17 of the Texas Code of Criminal Procedure.[1] The magistrate also found probable cause to detain appellant. The next docket entry, on August 14, 1987, indicates appellant appeared with counsel before the court. An indictment was returned by the grand jury on October 7, 1987. The cause proceeded to trial on February 1, 1988, and appellant was convicted of felony possession of a controlled substance, methamphetamine, weighing less than 28 grams. After finding one enhancement paragraph true, the trial court assessed punishment at 10 years confinement.

### Is Counsel Required at a PIA Hearing?

In two points of error, appellant asserts he was denied assistance of counsel at the

have an attorney present during any interview with peace officers or attorneys representing the state, of his right to terminate the interview at any time, of his right to request the appointment of counsel if he is indigent and cannot afford counsel, and of his right to have an examining trial.... TEX.CODE CRIM. P. ANN. art. 15.17 (Vernon Supp.1991). Appellant signed a document entitled "Statutory Warnings by Magistrate" indicating he received the warnings required by article 15.17.

PIA hearing. Appellant argues the PIA hearing is a "critical stage" of the prosecution, triggering his right to counsel under the Sixth and Fourteenth Amendments of the United States Constitution, under article I, section 10 of the Texas Constitution, and under article 1.051 of the Texas Code of Criminal Procedure.

 A defendant's Sixth Amendment right to counsel attaches only after the initiation of formal criminal proceedings. *United States v. Gouveia*, 467 U.S. 180, 187, 104 S.Ct. 2292, 2297, 81 L.Ed.2d 146 (1984). Formal judicial proceedings can be initiated by way of formal charge, preliminary hearing, indictment, information, or arraignment. *Kirby v. Illinois*, 406 U.S. 682, 688–90, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411 (1972). However, not every event following the inception of the proceedings is a "critical stage" that requires the presence of counsel under the Sixth Amendment. *Green*, 872 S.W.2d at 720. In assessing whether a particular stage is critical, we examine the event "in order to determine whether the accused required aid in coping with legal problems or assistance in meeting his adversary." *United States v. Ash*, 413 U.S. 300, 313, 93 S.Ct. 2568, 2575, 37 L.Ed.2d 619 (1973); *Green*, 872 S.W.2d at 720.

Here, the record indicates that at the PIA hearing, appellant was given his statutory warnings and the magistrate found probable cause to detain him. Nothing in the record shows that bail was set, that appellant entered a plea, or that an examining trial was held at the hearing. With none of these activities occurring, an attorney could have done nothing to assist appellant at the hearing. *Green*, 872 S.W.2d at 721–22. Moreover, even if the felony complaint signaled the beginning of the adversarial process, nothing occurred at appellant's PIA hearing that "amounted to a critical stage invoking his Sixth Amendment right to counsel." *Id.* at 722; *see also Francis v. State*, 909 S.W.2d 158, 165–66 (Tex.App.—Houston [14th Dist.] 1995, no pet.) (holding the PIA hearing was not critical stage requiring counsel

where bail was not set at PIA and examining trial was neither held at nor precluded by; the PIA hearing).

Therefore, we hold the appellant had no Sixth Amendment right to counsel at his PIA hearing. Accordingly, we overrule appellant's points of error and affirm the judgment of the trial court.