Opinion issued June 23, 2015



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00581-CR

———————————

**BRODIES E. MYLES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 2**
**Harris County, Texas**
**Trial Court Case No. 1933896**

---

## MEMORANDUM OPINION

Brodies Myles was charged with operating a vehicle without a valid driver's license. He represented himself at trial and was convicted. In a single issue, he contends that his waiver of counsel was constitutionally ineffective. Specifically,

he argues that we should overrule prior precedent[1] and hold that he had a constitutional right to be warned of the dangers and disadvantages of self-representation even though the trial court appointed standby counsel to assist him. Alternatively, he seeks a more narrow holding that, even if such warnings are not required after standby counsel is appointed, they should have been given to him before the appointment because critical stages in his criminal proceeding occurred in the interim.

We affirm.

## Background

Brodies Myles was charged with operating a motor vehicle without a valid license. He indicated on two separate documents that he wanted counsel appointed. Two months later, Myles signed two additional forms acknowledging that he had been informed of the charges against him and that an attorney could be appointed to represent him at no charge. On both of those signed forms, he indicated that he was waiving his right to counsel and wished to represent himself. The second of the two forms, entitled "Final Order on Defendant's Request or Waiver of Appointed Counsel," was also signed by the trial judge. The judge confirmed that he had "conducted a *Faretta* inquiry regarding the dangers and disadvantages of self-representation," but no record was made of that exchange between the trial

---

[1] *Walker v. State*, 962 S.W.2d 124 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd).

judge and Myles. There is no indication that standby counsel was appointed at that time. Four months passed before Myles's trial date.

On a form dated the first day of trial, the trial court appointed a former assistant district attorney as standby counsel to assist Myles. During voir dire, the trial judge informed the panel that Myles was representing himself. He then explained to the panel that he always tells defendants that they have a right to be represented by an attorney and to have one appointed if they cannot afford to hire one. He informed the panel that he "had numerous conversations with Mr. Myles," who chose to represent himself. He also explained the standby counsel's role, which he described as being "available" to Myles "to answer any questions he may have of her during this trial."

Myles's trial position, as he explained it to the panel during voir dire, was that he was not a citizen of the United States or the State of Texas, the State of Texas can only require people who are engaged in "commerce" while driving on its roadways to have a driver's license, and Myles was not a hired driver engaged in commerce. As Myles explained, "I don't *drive*. I just *travel* from Point A to Point B." Myles never disputed that he was operating the vehicle as he traveled.

Myles did not request standby counsel's assistance during his trial. The jury convicted him of operating a motor vehicle without a valid license. The trial court

sentenced him to three days in Harris County Jail and a $100 fine, plus court costs. The trial court then certified his right to appeal.

On appeal, Myles argues that his waiver of counsel was invalid because "he was not properly admonished concerning the dangers and disadvantages of self-representation as required by *Faretta v. California*, 422 U.S. 806 (1975)."

**Waiver of Right to Counsel**

In all criminal prosecutions, a defendant has the right to assistance of counsel. U.S. CONST. amend. VI; *see* TEX. CODE CRIM. PROC. ANN. art. 1.051(a) (West Supp. 2014). He likewise has the right to self-representation. *Faretta v. California*, 422 U.S. 806, 821, 95 S. Ct. 2525, 2534 (1975) ("The Sixth Amendment, when naturally read, thus implies a right of self-representation."); TEX. CODE CRIM. PROC. ANN. art. 1.051(f) ("A defendant may voluntarily and intelligently waive in writing the right to counsel."). To waive the right to counsel intelligently and competently, a defendant must be admonished of the dangers and disadvantages of self-representation. *Faretta*, 422 U.S. at 835, 95 S. Ct. at 2541; *Goffney v. State*, 843 S.W.2d 583, 584 (Tex. Crim. App. 1992). Such warnings are referred to as *Faretta* admonitions. *E.g.*, *Walker v. State*, 962 S.W.2d 124, 126 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd).

There also exists a middle ground between self-representation and full representation by defense counsel. At times, criminal defendants may proceed with

4

"hybrid representation," which is "partially pro se and partially by counsel." *E.g.*, *Phillips v. State*, 604 S.W.2d 904, 907 (Tex. Crim. App. 1979). The Texas Court of Criminal Appeals has held that a criminal defendant engaged in hybrid representation has not waived his right to counsel and, as such, there is no error in a trial court failing to give the defendant *Faretta* admonitions regarding the dangers and disadvantages of self-representation. *Clark v. State*, 717 S.W.2d 910, 918 (Tex. Crim. App. 1986); *Maddox v. State*, 613 S.W.2d 275, 286 (Tex. Crim. App. 1980) (op. on reh'g).

Another possibility is pro se representation with "standby counsel." *Faretta*, 422 U.S. at 834 n.46, 95 S. Ct. at 2541 n.46; *Maddox*, 613 S.W.2d at 286. Standby counsel is available to advise the pro se defendant, but the defendant is not required to seek his assistance. *Faretta*, 422 U.S. at 834 n.46, 95 S. Ct. at 2541 n.46; *Walker*, 962 S.W.2d at 126. If the defendant actually invokes the participation of standby counsel, it is considered hybrid representation. *Id.*; *Robertson v. State*, 934 S.W.2d 861, 864 (Tex. App.—Houston [14th Dist.] 1996, no pet.). As such, *Faretta* admonitions are not required. *Clark*, 717 S.W.2d at 918. If the defendant does not invoke standby counsel's participation, it is not considered hybrid representation; nonetheless, both this Court and the Fourteenth Court of Appeals have held that *Faretta* admonitions are not required in that context either. *Walker*, 962 S.W.2d at 126–27 (trial court indicated on record that

5

*Faretta* warnings were given but there was no record of the hearing; standby counsel was appointed); *Robertson*, 934 S.W.2d at 865–66 (no indication of *Faretta* warnings; standby counsel was appointed).

Myles indicated, on multiple occasions, that he wanted to waive his right to counsel and proceed pro se. The trial court stated on the record that the court had advised Myles as to his right to an appointed lawyer and that Myles "knows the dangers of doing so." The trial judge stated that he had several discussions with Myles about self-representation, including that Myles would be required to abide by the applicable rules and that there were dangers in choosing to proceed pro se. Myles did not object or otherwise indicate that he disagreed with the trial court's statements. Further, the trial court appointed standby counsel before Myles's trial began.

Because the record reveals that the trial court admonished Myles under *Faretta* and also appointed standby counsel, we reject Myles's claim of a constitutional violation. *See Walker*, 962 S.W.2d at 126–27.

**Lag between Initial Self-Representation and Appointment of Standby Counsel**

Myles also argues that, even if we "decline [his] request to reconsider the holding in *Walker*," we should reverse his conviction because standby counsel was not appointed until the first day of trial, other events occurred pretrial while he was representing himself, and there is no *Faretta* record from which to determine

6

whether he intelligently and competently waived his right to counsel for those pretrial proceedings. In other words, Myles is arguing that *Walker* does not address the particular facts of this case, involving a delay in the appointment of standby counsel until after all pretrial events had occurred. The State has not responded to this lag-in-time argument.

"The Sixth Amendment right to counsel 'extends to all critical stages of the criminal proceeding, not just the actual trial.'" *Gilley v. State*, 418 S.W.3d 114, 120 (Tex. Crim. App. 2014) (quoting *Hidalgo v. State*, 983 S.W.2d 746, 752 (Tex. Crim. App. 1999)). "But 'not every event following the inception of adversary judicial proceedings constitutes a critical stage so as to invoke the right to counsel under the Sixth Amendment.'" *Id.* (quoting *Green v. State*, 872 S.W.2d 717, 720 (Tex. Crim. App. 1994)).

To determine whether a particular stage of a pretrial proceeding is a critical one, we must "examin[e] the event in order to determine whether the accused required aid in coping with legal problems or assistance in meeting his adversary" at that stage. *Green*, 872 S.W.2d at 720 (quoting *United States v. Ash*, 413 U.S. 300, 313, 93 S. Ct. 2568, 2575 (1973)). In other words, an appellate court

> must scrutinize any pre-trial event with a view to ascertaining whether presence of counsel is necessary to assure fairness and the effective assistance of counsel at trial, which is, after all, "the core purpose of the counsel guarantee . . . , when the accused [is] confronted with both the intricacies of the law and the advocacy of the public prosecutor."

7

*Id.* at 720–21 (quoting *Ash*, 413 U.S. at 309, 93 S. Ct. at 2573).

Myles argues that two critical stages occurred between waiver of counsel and appointment of standby counsel, thereby invoking the need for *Faretta* admonitions at those stages.

First, he argues that plea negotiations qualify as a critical stage in a criminal proceeding and plea negotiations "presumably" occurred before his standby counsel was appointed. Our review of the record does not reveal any indication that plea negotiations occurred. Absent any evidence of plea negotiations in the record, we will not presume that they occurred. *Cf. Oliver v. State*, 995 S.W.2d 878, 880 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (concluding that initial appearance hearing was not shown to be critical stage of proceeding because "[n]othing in the record shows that bail was set, that appellant entered a plea, or that an examining trial was held at the hearing").

Second, he argues that the order granting the State's motion to disclose experts establishes that at least one pretrial discovery hearing took place before standby counsel was appointed. The State's motion was granted, but there is no indication that the trial court ruled following a hearing versus by submission. Even if a hearing did occur, not every pretrial hearing automatically qualifies as a critical stage of a proceeding. *See Green*, 872 S.W.2d at 721; *Hidalgo*, 983 S.W.2d at 753 (holding that there is no "bright line rule" when particular event will qualify as

critical stage); *Gobert v. State*, 717 S.W.2d 21, 23–24 (Tex. Crim. App. 1986) (analyzing events that occurred during particular proceeding, not abstract category of event, to determine whether it qualified as critical stage); *Wingfield v. State*, 197 S.W.3d 922, 926 (Tex. App.—Dallas 2006, no pet.) (same). Myles has not explained how a hearing to compel disclosure of experts was critical to his case. Nor do we see why counsel would have been necessary on that issue given the absence of any indication in the record that Myles had any experts who were subject to such a motion. He neither disclosed experts nor presented any at trial.

Finding no evidence in the record that a critical stage of Myles's criminal proceeding occurred in the absence of *Faretta* warnings and standby counsel, we do not reach the issue whether the occurrence of a critical stage before standby counsel was appointed would have mandated *Faretta* warnings at that juncture.

## Conclusion

The judgment of the trial court is affirmed.


Harvey Brown
Justice

Panel consists of Justices Jennings, Bland, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).

9